**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Floyd R. Reid and<br>Patricia D. Reid,<br>Debtor.<br><br>* * * * * * * *<br>Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for GFT Mortgage Loan Trust, Series 2015-1,<br><br>Movant,<br><br>vs.<br><br>Floyd R. Reid and<br>Patricia D. Reid,<br>Respondent. | CASE NO. 13-10886 BLS<br><br>CHAPTER 13<br><br>Objections due by: September 19, 2016<br><br>Hearing Date: September 27, 2016 at 10:00 AM |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 25 MICHIE ROAD, NEW CASTLE, DE 19720**

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for GFT Mortgage Loan Trust, Series 2015-1 (hereinafter “Movant”), by its undersigned counsel, respectfully moves this Honorable Court, pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and Fed. R. Bankr. P. 9014, to terminate the Automatic Stay to allow Movant, and any subsequent holders of the loan and/or mortgage documents evidencing Movant’s claim and security interest in certain real property in which Floyd R. Reid and Patricia D. Reid, (hereinafter “Debtors”) claim an interest, to exercise its rights and remedies as a secured creditor of Debtors with respect to a parcel of real property located at 25 Michie Road, New Castle, DE 19720 (hereinafter the “Property”). In support thereof, Movant states the following:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is a contested matter under Fed. R. Bankr. P. 4001 and 9014. This is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 105 and 362.

2. On April 12, 2013, the Debtor filed a voluntary petition for relief under Chapter 13 of the United State Bankruptcy Code. Michael B. Joseph was appointed Chapter 13 Trustee.

3. On or about April 27, 2005, the Debtors executed and delivered to Accredited Home Lenders, Inc. a promissory note (hereinafter the "Note") in the amount of $144,500.00, plus interest at the initial rate of 9.250% per annum, attorney's fees, costs and late charges to be paid over thirty (30) years. Pursuant to the Note, the Debtor is required to make monthly payments in the amount of $1,188.77. A true and correct copy of the Note is attached hereto and incorporated herein as Exhibit "A."

4. To secure the repayment of the sums due under the Note, the Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc. a mortgage on the Property dated April 27, 2005 (hereinafter the "Mortgage"), encumbering the real property and improvements thereon known as 25 Michie Road, New Castle, DE 19720. The Mortgage was duly recorded in the Officer of the Recorder of Deeds for New Castle County, Delaware on May 2, 2005 in 2005052-0040998. A true and correct copy of the Mortgage is attached hereto and incorporated herein as Exhibit "B."

5. The Note and Mortgage were later transferred to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for GFT Mortgage Loan Trust, Series 2015-1. True and correct copies of the Assignments of Mortgage are attached hereto and incorporated herein as Exhibit "C."

6. The Debtor defaulted under the terms of the Note and Mortgage by failing to make payments when due and owing beginning with the payment contractually due May 1, 2015.

7. Debtor indicated in their proposed Chapter 13 Plan that Debtor would maintain regular payments to Movant outside the Plan.

8. The Debtor has failed to make post-petition payments to Movant beginning with the post-petition payment due May 1, 2015 in the amount of $1,405.47.

9. The following post-petition payments are past due:

| | |
|---|---|
| 4 payments from May 1, 2015 to August 1, 2015 @ $1,405.47 | $5,621.88 |
| 7 payments from September 1, 2015 to March 1, 2016 @ $1,430.79 | $10,015.53 |
| 5 payments from April 1, 2016 to August 1, 2016 @ $1,522.41 | $7,612.05 |
| **TOTAL MISSED PAYMENTS** | **$23,249.46** |

10. The total post-petition arrears owed by the Debtor as of August 3, 2016, are as follows:

| | |
|---|---|
| 4 payments from May 1, 2015 to August 1, 2015 @ $1,405.47 | $5,621.88 |
| 7 payments from September 1, 2015 to March 1, 2016 @ $1,430.79 | $10,015.53 |
| 5 payments from April 1, 2016 to August 1, 2016 @ $1,522.41 | $7,612.05 |
| Escrow Deficiency | $3,999.68 |
| Attorney's fees and costs | $576.00 |
| Suspense balance: | (-$335.83) |
| **TOTAL POST-PETITION ARREARAGE** = | **$27,489.31** |

11. As of August 3, 2016, the following amounts are due and owing under the Note and Mortgage:

| | |
|---|---|
| Unpaid Principal | $ 223,436.20 |
| Interest @ 7.75% | 17,872.57 |
| Advances for Taxes and Insurance | 3,999.68 |
| Suspense Balance | (-$335.83) |
| Attorney's Fees and Costs | 576.00 |
| **TOTAL as of August 3, 2016** | **$245,548.62** |

12. The per diem interest is $36.47.

13. According to Debtors' Schedule A, Movant's good faith estimate of the value of the collateral is $151,035.00.

14. Clearly, the Debtor has no equity in the subject property, and it is not necessary for an effective reorganization.

15. The Debtor has not and cannot offer Movant adequate protection of its interest in the Property, and Movant avers that it is not adequately protected.

16. Good cause exists to terminate the Automatic Stay as the Debtor has materially breached his confirmed Chapter 13 Plan.

17. Movant believes that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

18. Movant also requests that the court order entered pursuant to the instant Motion provide that all communications sent by Movant in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements, be sent directly to the Debtor.

WHEREFORE, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise its non-bankruptcy rights and remedies as to the Property, including, but not limited to, foreclosure of the Mortgage, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 10, 2016

*/s/ Christina J. Pross*

Christina J. Pross, Esq. (#5376)
Mattleman Weinroth & Miller, PC
200 Continental Drive, Suite 215
Newark, DE 19713
(302) 731-8349
(302) 731-8753 (facsimile)